Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osho International Foundation, a Swiss Corporation; and Michael Hilow, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Chapman Way, an individual; Maclain Way, an individual, Duplass Brothers Productions, a Texas Corporation; Netflix, Inc, a Delaware Corporation; and Does 1-10,<br><br>Defendants. | Case No.:<br><br>**Plaintiffs' Complaint for**:<br><br>1. Copyright Infringement;<br>2. Vicarious and/or Contributory Copyright Infringement;<br>3. Violation of the Digital Millennium Copyright Act (17 U.S.C. §1202)<br><br>**Jury Trial Demanded** |

1
COMPLAINT

Plaintiffs Osho International Foundation and Michael Hilow hereby allege as follows:

## Jurisdiction & Venue

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), & 1367(a).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and § 1400(a).

## The Parties

4. Plaintiff Osho International Foundation is a Swiss corporation.

5. Plaintiff Michael Hilow is an individual residing in Los Angeles, California.

6. Plaintiffs are informed and believe, and thereupon allege, that Defendant Chapman Way is an individual residing in Los Angeles, California.

7. Plaintiffs are informed and believe, and thereupon allege, that Defendant Maclain Way is an individual residing in Thousand Oaks, California.

8. Plaintiffs are informed and believe, and thereupon allege, that Defendant Duplass Brothers Productions is a Texas corporation with its principal place of business located at 199 E. Oakridge Park, Metairie, LA 70005, and is doing business in and with California.

9. Plaintiffs are informed and believe, and thereon allege, that Defendant Netflix, Inc. is a Delaware corporation with its principal place of business located at 100 Winchester Circle, Los Gatos, California 95032.

10. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which

therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## Factual Background

### *Osho International's Works*

12. Osho International promotes, publishes, licenses, and archives the teachings and other work of the author and mediation teacher Osho (formerly known as Bhagwan Shree Rajneesh 1931-1990) and has done so since the 1970's.

13. Osho International is the sole and exclusive owner of, *inter alia*, copyrighted lecture materials, photographic works, and video works documenting the life and teachings of Osho. These works have been registered or submitted for registration with all formalities satisfied. These works include, without limitation:

    a. "I Leave You My Dream";

    b. "Rajneeshpuram: The First Year"; and

    c. "OSHO 1931-1990."

///

14. Osho International's films were widely screened and available for viewing, purchase, and streaming, including via VHS tape and DVD/optical disc, or via internet and streaming distribution platforms.

### *Hilow's Films*

15. Hilow is a documentarian and director of the 1993 documentary film "Rajneeshpuram an Experiment to Provoke God," which documents the development of the movement between 1981-1985 in Rajneeshpuram, Oregon.

16. Hilow is the sole and exclusive owner of "Rajneeshpuram an Experiment to Provoke God," which was registered with the United States Copyright Office and allocated Registration No. PA0002125666.

17. "Rajneeshpuram an Experiment to Provoke God" was widely screened and available for viewing, purchase, and streaming, including in theatres, at film festivals, on VHS tape and DVD/optical disc, or via internet/streaming distribution platforms.

### *"Wild Wild Country"*

18. Defendants Chapman Way, Maclain Way, Duplass Bros., and Netflix, have infringed and continue to infringe Plaintiffs' copyrighted works by (and without Plaintiffs' permission) producing, distributing, and streaming their six-episode series "Wild Wild Country."

19. Defendants appropriated substantial portions of Plaintiffs' copyrighted works throughout duration of "Wild Wild Country" (such portions referred to herein as "appropriated footage"). For instance, the first episode of the series alone includes roughly 88 discrete instances of appropriation, covering a total duration of at least over 12 minutes, or roughly a quarter of the episode's total duration.

20. A footage log documenting certain instances of appropriated footage in "Wild Wild Country," including its duration and source, is attached as **Exhibit A**. This representative log is not intended to be an exclusive, exhaustive, or final accounting

4
COMPLAINT

of Defendants' appropriation of Plaintiffs' copyrighted films and the claims made herein are made as to all unauthorized uses by Defendants, and each of them, of any of Plaintiff's content.

21. In each instance, the appropriated footage in "Wild Wild Country" is identical or virtually identical to Plaintiffs' source works, or is a slightly modified derivative of said work.

22. "Wild Wild Country" was nominated for five Primetime Emmys and won the Primetime Emmy for Outstanding Documentary or Nonfiction Series.

23. Plaintiffs are informed and believe, and thereupon allege, that "Wild Wild Country" has been a commercial success for Defendants, including as a means of driving revenues, awareness, and subscriber growth for Netflix.

24. Plaintiffs are informed and believe, and now allege, that Defendants yielded substantial revenue from their production, distribution, and streaming of "Wild Wild Country," including by way of subscriber payments and licensing fees.

25. Plaintiffs are informed and believe, and now allege that Defendants' conduct was willful, given the substantial breadth of Defendants' infringement, as documented in **Exhibit A**, the lack of obtainment of a license or other transfer, and the continued exploitation of Plaintiffs' work after notice that Plaintiff's owned the work and objected to is exploitation without consent.

26. Plaintiffs notified Defendants of their allegations of infringement in February, 2018, yet Defendants failed to meaningfully respond and Netflix continues to broadcast, stream, display, and distribute "Wild Wild Country."

### First Claim for Relief

*(For Copyright Infringement–Against all Defendants, and Each)*

27. Plaintiffs repeat, re-allege, and incorporate by reference all preceding paragraphs of this Complaint.

28. Plaintiffs are informed and believe and now allege that Defendants, and each of them, had access to Plaintiffs' copyrighted films through VHS tape, DVD, or online streaming platforms. Additionally, access is also established by the striking similarity (they are identical or virtually identical) of the infringing scenes.

29. Plaintiffs are informed and believe and now allege that, without Plaintiffs' authorization, Defendants, and each of them, distributed, marketed, and published "Wild Wild Country" bearing appropriated footage that is identical to, or substantially similar to, excerpts from or complete copies of Plaintiffs' works.

30. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' copyrights by creating "Wild Wild Country" and then marketing, distributing, and publishing it to the public.

31. Defendants, and each of them, infringed Plaintiffs' rights by extracting footage from Plaintiffs' works, incorporating the appropriated works in new and different combinations into "Wild Wild Country," and then publishing it without Plaintiffs' authorization or consent.

32. Due to Defendants', and each of their, acts of infringement, Plaintiffs' have suffered actual, general and special damages in an amount to be established at trial, including but not limited a reasonable license fee for Defendants' use of the works.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in Plaintiffs' copyrighted works. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in the works in an amount to be established at trial.

34. Plaintiffs are informed and believe and now allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for

costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## Second Claim for Relief

*(For Vicarious and/or Contributory Copyright Infringement–Against all Defendants, and Each)*

35. Plaintiffs repeat, re-allege, and incorporate by reference all preceding paragraphs of this Complaint.

36. Plaintiffs are informed and believe and now allege that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of "Wild Wild Country" as alleged above. Specifically, the producers of the film (Netflix and Duplass Bros.) underwrote and participated in Ways' illegal copying during the creation of "Wild Wild Country." Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the "Wild Wild Country."

37. Plaintiffs are informed and believe and now allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant in the involved in the infringement had the ability to oversee the publication and distribution of the Infringing Scenes. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the "Wild Wild Country" featuring the appropriated works.

38. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their businesses in an amount to be established at trial, as well

as additional actual, general and special damages in an amount to be established at trial.

39. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in their copyrighted works in an amount to be established at trial.

40. Plaintiffs are informed and believe and now allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## **Third Claim for Relief**

*(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each))*

41. Plaintiffs repeat, re-allege, and incorporate by reference all preceding paragraphs of this Complaint.

42. Plaintiffs' films, as distributed on VHS, DVD/optical disk, and streaming platforms, contained Content Management Information ("CMI"), including but not limited to the inclusion of their names as authors of, and copyright holders for, the works at issue, titles, DVD and/or other metadata, and other indicia identifying the works or Plaintiffs as authors of the works.

43. Plaintiffs are informed and believe and now allege that Defendants, in the course of extracting footage from Plaintiffs' films and recompiling that footage into "Wild Wild Country," violated 17 U.S.C. §1202 by intentionally removing and/or

8
COMPLAINT

altering the CMI on the copy of one or more infringing scenes from Plaintiffs' films, and then by distributing the scenes with knowledge that the CMI had been removed or altered without authority of the copyright owner or the law.

44. Plaintiffs are informed and believe and now allege that Defendants, and each of them, distributed false CMI in connection with their distribution of "Wild Wild Country," including false CMI identifying Defendants and/or their agents or collaborators as the author and/or owner of certain material that was in fact owned by authored and/or owned by one or more of the Plaintiffs.

45. Plaintiffs are informed and believe and now allege that Defendants distributed and publicly displayed the extracted footage containing mislabeled and/or fraudulent CMI, knowing that the CMI had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

46. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

47. Plaintiffs are informed and believe and now allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiffs resultantly seek enhanced damage and penalties.

///
///

**Prayer for Relief**

*(Against All Defendants)*

With Respect to Each Claim for Relief, Plaintiffs demand judgment against Defendants as follows:

    a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiffs' copyrights in and to Plaintiffs' copyrighted works;

    b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in and to Plaintiffs' copyrighted works;

    c. For a constructive trust to be entered over any scenes, recordings, reproductions, files, online programs, and other material in connection with "Wild Wild Country," and all revenues resulting from the exploitation of same, for the benefit of Plaintiffs;

    d. That Plaintiffs be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

    e. That Defendants pay damages equal to Plaintiffs' actual damages and lost profits;

    f. That Plaintiffs be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 505 and 17 U.S.C. § 1203;

    g. That Plaintiffs be awarded pre-judgment interest as allowed by law;

    h. That Plaintiffs be awarded the costs of this action; and

i. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: January 31, 2019      By:      */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiffs